■
2011 ND 58

**Michael A. NELSON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

No. 20100383.

Supreme Court of North Dakota.

March 22, 2011.

Benjamin C. Pulkrabek, Mandan, ND, for petitioner and appellant; submitted on brief.

Bradley A. Cruff, State's Attorney, Courthouse, Valley City, ND, for respondent and appellee; submitted on brief.

KAPSNER, Justice.

[¶ 1] Michael Allan Nelson appealed the summary dismissal of his application for post-conviction relief. Nelson was self-represented when he filed his application for post-conviction relief and appealed because he asserts the clerk of the district court did not inform him of his right to counsel and the procedure for obtaining counsel. *See* N.D.C.C. § 29–32.1–03(6). In *GreyBull v. State*, 2000 ND 8, ¶ 3, 604 N.W.2d 440, we reversed the dismissal of GreyBull's application for post-conviction relief because the record failed to establish the clerk of the district court notified GreyBull of her statutory right to apply for counsel and of the procedure for obtaining counsel. Nelson argued and the State admitted the record fails to establish the clerk of the district court informed Nelson of his right to apply for counsel and procedure for obtaining counsel under N.D.C.C. § 29–32.1–03(6). However, we cannot determine from the record whether this issue was brought to the attention of the district court. Therefore, under N.D.R.App.P. 35(a)(3), we remand this case to the district court for determination of this issue and for such further proceedings as may be necessary. We relinquish jurisdiction.

[¶ 2] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.

[¶ 3] I concur in the result. DALE V. SANDSTROM.